**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD WILLIAM HYDE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14 C 6414** |
| | ) | |
| **JASON BEARD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

On August 18, 2014, Ronald Hyde filed suit against a lieutenant and three correctional officers at the Stateville Correctional Center alleging that they failed to respond to his complaints that his cellmate repeatedly and continuously sexually abused him. Hyde also applied for leave to proceed *in forma pauperis* and for attorney representation. The Court granted Hyde's motion to proceed *in forma pauperis* in October 2014. Hyde twice amended his complaint, most recently in late March 2015, and the Court granted his motion for attorney representation in September 2015.

Hyde used a form to complete his original complaint and both subsequent amended complaints. The original complaint was submitted on a form provided by the United States District Court for the Central District of Illinois. Part III of the form explained the "three strikes rule" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and instructed Hyde to inform the court (a) whether he had filed any other lawsuits; (b) if so, how many; and (c) the disposition of any such cases. *See*

Compl., dkt. no. 1, at 3–4.  Hyde left this entire section of the complaint blank.  Hyde submitted his first and second amended complaints on a form provided by the United States District Court for the Northern District of Illinois.  This form also instructed Hyde to list "ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States," and alerted him in bold, capital letters that he was required to describe any other lawsuits he had previously or subsequently filed, and that failure to do so might result in the dismissal of his suit.  *See* 1st Am. Compl., dkt. no. 20, at 4. The only lawsuit Hyde listed in his first amended complaint was the present case.  *Id.* He again listed only the present suit when he submitted his second amended complaint on March 30, 2015.  *See* 2d Am. Compl., dkt. no. 48, at 5–6.

Defendants requested a status hearing in December 2015 when they discovered that in another case filed in the Southern District of Illinois, Hyde had been ordered to show cause why his suit should not be dismissed based on his failure to list numerous cases that he had previously filed elsewhere.  The Court instructed the parties to provide a list of Hyde's prior and subsequent litigation, identifying any cases in which the case was dismissed or Hyde was denied leave to proceed *in forma pauperis*.

In January 2016, the parties supplied the Court with a joint status report detailing Hyde's litigation history.  They indicated that while he was incarcerated in Tennessee in 2012, Hyde filed twelve actions in the United States District Court for the Middle District of Tennessee.  Four of those cases were dismissed for failure to state a claim upon which relief may be granted, and another was dismissed for lack of subject matter jurisdiction.  The remainder of those cases were voluntarily dismissed, all but once following denial of an application to proceed *in forma pauperis*.

The parties also indicated that Hyde filed four suits after filing the present one. The first, filed in the United States District Court for the Central District of Illinois, was filed in January 2015 and remained pending at the time the parties submitted their status report in January 2016. Another, also filed in the Central District of Illinois in mid-March 2015, was dismissed in October 2015 for failure to state a claim upon which relief may be granted and for want of prosecution. A lawsuit Hyde filed in the United States District Court for the District of Columbia in May 2015 was immediately dismissed for lack of subject matter jurisdiction. Finally, Hyde filed suit in the Southern District of Illinois in October 2015. (This was the case that alerted defendants to the possibility that Hyde had not disclosed prior litigation.) In an order denying Hyde's application to proceed *in forma pauperis*, that court ordered Hyde to show cause why the case should not be dismissed as a sanction for failure to fully and accurately disclose his previous strikes.

Upon receipt of the parties' joint status report, the Court ordered Hyde to show cause why the present case should not be dismissed on the grounds that Hyde had, prior to filing this suit, "struck out" under the PLRA and that he had failed to disclose prior litigation in his complaint.

## Discussion

The PLRA prohibits a prisoner from filing a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). A prisoner acquires a "strike" for the purposes of this statute only

3

when an action is dismissed in its entirety for one of the reasons provided in section 1915(g).  *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

Hyde does not dispute that he has "struck out" under the PLRA due to the fact that, before he filed this case, other federal courts had dismissed three or more cases he filed for failure to state a claim.  Hyde points out, however, that the PLRA does not forbid a prisoner from bringing suit after he has accumulated three strikes.  Instead, it bars a prisoner with three strikes from proceeding as a pauper in future cases.  *See* 28 U.S.C. § 1915(g).  As the Seventh Circuit has explained, the consequence of accruing three strikes is that a prisoner "must prepay all filing fees for his future civil litigation unless he demonstrates at the time of the suit's commencement that he 'is under imminent danger of serious physical injury.'"  *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (quoting 28 U.S.C. § 1915(g)).

Defendants nevertheless urge the Court to exercise its discretion to dismiss Hyde's complaint.  If a prisoner fraudulently misrepresents his litigation history in his complaint, the district court is vested with discretion to "impose appropriate sanctions, including dismissal or default."  *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011).  "Such sanctions are permissible in a case like this because a district court relies on a party's description of his litigation history to manage its docket.  Disclosure of a prisoner's litigation history enables a court to adhere to the three-strike requirement of 28 U.S.C. § 1915(g)."  *Id.* at 544.  Pointing to his limited education, his struggles with mental illness, his lack of access to legal resources when his complaint was filed, and his cooperation in supplying information about his litigation history in the parties' joint status report in January 2016, Hyde implores the Court to allow his case to remain

open.

In support of their argument that the Court should impose the sanction of dismissal, defendants contend that "Plaintiff is an experienced litigator who has failed to list previous litigation history on numerous occasions in both this case and others." Defs.' Reply, dkt. no. 66, at 2. The Court disagrees. First, the fact that Hyde has filed numerous lawsuits that have been dismissed at the pleading stage does not render him an "experienced litigant." In fact, there is nothing in the materials submitted to the Court that indicates that at the time Hyde's second amended complaint was filed in late March 2015, he had ever been chastised for failing to include his prior litigation history in a complaint. Second and relatedly, the materials submitted to the Court show that Hyde neglected to include his litigation history in the complaints filed in this case and only one other time, in the case he filed in the Southern District of Illinois seven months after the second amended complaint was filed in this case. The Court can find no support in the present record for defendants' contention that Hyde "failed to list previous litigation history on numerous occasions" in other cases.

Hyde requested, and was granted, leave to proceed *in forma pauperis*. At the time the Court granted his request, it was unaware that he had "struck out" under the PLRA. The Court granted Hyde's request as a direct result of Hyde's failure to disclose any of his prior litigation activity. In light of the information that the parties disclosed to the Court in their joint status report in January 2016, Hyde may not proceed *in forma pauperis* and must pay the $350 filing fee and $50 administrative fee before his case can continue. *See* 28 U.S.C. § 1914; Judicial Conf. Sched. of Fees - Dist. Ct. Misc. Fee Sched. No. 14, *available at* http://www.uscourts.gov/services-forms/fees/district-court-

miscellaneous-fee-schedule (last visited Apr. 21, 2016). The Court declines, however, to dismiss Hyde's case at this juncture. *See Hoskins*, 633 F.3d at 544 (holding that dismissal under these circumstances is permissible, but that a court acts "well within its discretion in choosing a less severe sanction").

## Conclusion

For the foregoing reasons, the order to show cause is vacated [dkt. no. 62]. Hyde is instructed to pay the required fee totaling $400 by no later than May 18, 2016. If the Clerk does not receive the full filing fee by May 18, 2016, the Court will dismiss the lawsuit. The status hearing set for April 25, 2016 is vacated and reset to May 23, 2016 at 9:00 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 21, 2016